LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq.
David A. Blansky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------------------x
In re:

GOLDAN, LLC,

        Debtor.
-------------------------------------------------------------x
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------x
COMMUNITY NATIONAL BANK,

        Plaintiffs,

   -against-

PETER CAPONE, PETER CAPONE DEFINED
BENEFIT PENSION PLAN, CHESAPEAKE
HILLS GENERAL PARTNERSHIP, 3366 PARK
AVENUE, LLC, GOLDAN, LLC, and
DANIEL PERLA,

        Defendants.
-------------------------------------------------------------x
PETER CAPONE, PETER CAPONE DEFINED
BENEFIT PENSION PLAN and CHESAPEAKE
HILLS GENERAL PARTNERSHIP,

        Plaintiffs,

   -against-

MARK GOLDMAN, GOLDMAN & GOLDMAN,
JEFFREY DANIELS, GOLDAN, LLC,

        Defendants.
-------------------------------------------------------------x

Chapter 7
Case No.: 09-70955-REG

Index No.: 002253/09

Adv Pro No.

Index No.: 022742/08

## REMOVAL APPLICATION PURSUANT TO
## 28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027(a) TO
## THE UNITED STATES BANKRUPTCY COURT
## <u>FOR THE EASTERN DISTRICT OF NEW YORK</u>

1

Allan B. Mendelsohn, the Chapter 7 Trustee (the "Trustee") of the estate of Goldan, LLC (the "Debtor") and an interested party herein, by and through his counsel, LaMonica Herbst & Maniscalco, LLP, respectfully submits the instant application to remove the above-referenced actions (the "State Court Actions") from the Supreme Court of Nassau County (the "State Court"), State of New York, Index Nos. 002253/09 and 022742/08, to the United States Bankruptcy Court for the Eastern District of New York at Central Islip (the "Bankruptcy Court")[1], and respectfully sets forth and represents as follows:

1. Both the State Court Actions and the Debtor's pending bankruptcy case concern claims relating to and arising from numerous real properties in which the Debtor either holds title or claims an interest.

**THE BANKRUPTCY CASE**

2. On February 18, 2009 (the "Filing Date"), an involuntary petition was filed against the Debtor by Petitioning Creditors, Michael Litvin, Daniel Perla ("Perla") and Louis Fox, for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York at Central Islip (the "Bankruptcy Court").

3. An Involuntary Summons was issued on February 19, 2009. An Order for relief was entered on February 20, 2009. A copy of the order for relief is annexed as Exhibit "1".

4. On February 20, 2009, Allan B. Mendelsohn, Esq. (the "Trustee"), was appointed the interim Chapter 7 Trustee in this matter.

---

[1] The instant removal application has been filed because it appears that ECF system is unable to reflect the consolidated caption of the State Court Actions on a single docket. As a result, at the direction of the Clerk, the instant application has been filed under a separate adversary proceeding number.

5. Following the initial meeting of creditors held on April 8, 2009, by operation of law, he duly qualified as the permanent Trustee of this case and is acting in that capacity.

**THE FIRST CAPONE ACTION**

6. By Order to Show Cause dated December 23, 2008, supporting documents and complaint dated December 22, 2008, Peter Capone, Peter Capone, Peter Capone Defined Benefit Pension Plan and Chesapeake Hills General Partnership (collectively, the "Capone Parties") commenced an action in the Supreme Court of the State of New York, County of Nassau, under Index No. 022742/08 (the "First Capone Action"). A copy of the order to show cause, affidavit in support, affirmation in support, summons and complaint in the First Capone Action are annexed as Exhibit "2".

7. According to the complaint in the First Capone Action, the Capone Parties claim that in exchange for payments to Mark Goldman ("Goldman") and Jeffrey Daniels aggregating $5 million they were to receive a 50% interest in the real properties known as, and located at, 3366 Park Avenue, Wantagh, New York ("3366 Park Avenue") and 3375 Park Avenue, Wantagh, New York ("3375 Park Avenue") and interest at 12% per year. See Exhibit "2".

8. With respect to the real property known as, and located at, 11 Oval Drive, Islandia, New York ("Oval Drive"), the Capone Parties claim they made a $2 million loan to the Debtor that was to be secured by a mortgage against Oval Drive, but was never recorded. See Exhibit "2".

9. With respect to the real property known as, and located at, 2414 S. Wantagh, Wantagh, New York, the Capone Parties claim that this property was owned by Chesapeake Hills General Partnership ("Chesapeake"), which partnership was purportedly owned solely by them. The Capone Parties assert that this property was sold

on September 15, 2008, with no proceeds being remitted to them or Chesapeake. <u>See</u> Exhibit "2".

10. With respect to the real property known as, and located at, 179 Lincoln Drive, Oakdale, New York ("179 Lincoln") the Capone Parties have claimed that it was owned by Chesapeake and that they received only $75,000.00 from the sale proceeds. <u>See</u> Exhibit "2".

11. With respect to the real property known as, and located, 15 Sterling Lane ("15 Sterling"), the Capone Parties claim that they loaned Goldman $465,000.00, which was to be secured by a mortgage against this property. <u>See</u> Exhibit "2".

12. Finally, with respect to the real property known as, and located at, 4880 Veterans Memorial Highway, Holbrook, New York ("4880 Veterans"), the Capone Parties claim that they made loans to Goldman totaling $1,150,000.00 between 2007 and 2008, which loans were to be secured by a mortgage against this property. <u>See</u> Exhibit "2".

13. In sum, in the First Capone Action the Capone Parties seek to recover $12.5 million under claims for fraud, conversion and constructive trust. <u>See</u> Exhibit "2".

14. Subsequent to the commencement of the First Capone Action, Perla, as intervenor, appeared in the First Capone Action. Thereafter, in or about late January 2009, the Capone Parties and Perla entered into a stipulation, which was so ordered by Justice Stephen A. Bucaria, which provided for the establishment of four attorney trust accounts, each of which was to be designated for the deposit of all funds received from a particular property, namely 3366 Park Avenue, 3375 Park Avenue, Oval Drive and the real property known as, and located at 1228 Wantagh Avenue, Wantagh, New York ("1228 Wantagh Avenue"). A copy of the stipulation is annexed as Exhibit "3".

**THE COMMUNITY ACTION**

15. By Order to Show Cause dated February 13, 2009, supporting documents and complaint dated February 12, 2009, Community National Bank ("Community")

commenced an action against the Capone Parties, Debtor and Perla in the Supreme Court of the State of New York, County of Nassau, under Index No. 002553/09 (the "Community Action").

16. In the Community Action, Community seeks to vacate and modify the stipulation so ordered in the First Capone Action in January 2009, to obtain a directive that all funds received relating to 3366 Park Avenue be delivered to Community during the pendency of the Community Action, and to consolidate the Community Action with the First Capone Action. A copy of the order to show cause, summons and complaint in the Community Action are annexed as Exhibit "4".

17. In its complaint, Community claims that it is the holder of a valid first lien against 3366 Park Avenue, that its lien is superior to that of the other parties, that it is entitled to all rents, leases and profits derived from 3366 Park Avenue and that the actions taken by the plaintiffs in the First Capone Action violated and impaired Community's rights under certain loan documents. See Exhibit "4".

18. Community seeks the entry of an order allowing it to collect the rents, leases and profits, apply the same to the payment obligations due under the loan obligations and deposit the remaining balance into a trustee escrow account as provided for in the January 2009 stipulation entered in the First Capone Action.

19. On February 29, 2009, Justice Bucaria signed an order, having a caption reflecting both the First Capone Action and the Community Action, in which Steve Cohn was appointed as temporary receiver for 3366 Park Avenue and Dafnonas Estates, Ltd., was appointed as agent of Mr. Cohn to rent and manage 3366 Park Avenue. A copy of the order is annexed as Exhibit "5".

**THE ADDITIONAL CAPONE ACTIONS**

20. Shortly after the commencement of the First Capone Action, the Capone Parties also commenced three other state court actions against the same defendants utilizing the identical complaint as in the First Capone Action (the "Additional Capone

Actions"). Two of these additional actions were filed in Nassau County under Index Nos. 23013/08 and 23014/08. The fourth action was filed last in Suffolk County under Index No. 1260/09. It appears that the sole reason for the filing of the identical complaint in three other actions was to enable the Capone Parties to file lis pendens against four other properties referenced in the complaint.

21. More specifically, under Index No. 23013/08, the Capone Parties recorded a lis pendens against 3375 Park Avenue. Under Index No. 23014/08, the Capone Parties recorded a lis pendens against 15 Sterling Lane. Under Index No. 1260/09, the Capone Parties filed a summons and complaint reflecting the index number for the First Capone Action and a Supreme Court of the County of Nassau caption, and recorded lis pendens against both 8 Shady Path, Bridgehampton, New York and 4880 Veterans. Copies of the summons, complaints and lis pendens filed in each of the Additional Capone Actions are annexed as Exhibits "6" through "8".

**THE FIRST ADVERSARY PROCEEDING**

22. By complaint dated March 3, 2009, Peter Capone, as Trustee of The Capone Revocable Trust dated July 31, 1995, commenced an adversary proceeding before the Bankruptcy Court under adv pro no. 09-08091. In that complaint, the plaintiff therein seeks an accounting, money damages and declaratory, equitable and other relief by reason of the Debtor's breach of contract, breach of fiduciary duty, conversion, fraud and other misconduct and alleges that the Debtor, acting through and in concert with Goldman, diverted funds and other property from Plaintiff and otherwise impaired the plaintiff's interest in 3366 Park Avenue, LLC, an entity in which he and the Debtor are each 50% members. As its relief, the plaintiff requests a judicial declaration that the Debtor's 50% interest in 3366 Park Avenue, LLC is not property of the Debtor's estate and other related relief. A copy of this complaint is annexed as Exhibit "9".

**THE SECOND ADVERSARY PROCEEDING**

23. By complaint dated March 9, 2009, Peter Capone, as Trustee of The Capone Revocable Trust dated July 31, 1995, commenced an adversary proceeding before the Bankruptcy Court under adv pro no. 09-08101. In that complaint, the plaintiff therein seeks an accounting, money damages and declaratory, equitable and other relief by reason of the Debtor's breach of contract, breach of fiduciary duty, conversion, fraud and other misconduct and alleges that the Debtor, acting through and in concert with Goldman, diverted funds and other property from Plaintiff and otherwise impaired the plaintiff's interest in 3375 Park Avenue, LLC, an entity in which he and the Debtor are each 50% members. As its relief, the plaintiff requests a judicial declaration that the Debtor's 50% interest in 3375 Park Avenue, LLC is not property of the Debtor's estate and other related relief. A copy of this complaint is annexed as Exhibit "10".

**THE TRUSTEE'S INVESTIGATION**

24. Since his appointment, the Trustee has learned that the estate holds certain claims arising from and relating to the properties at issue in the State Court Actions. In particular, the Debtor is in title to Oval Drive and 1228 Wantagh Avenue, which properties are property of this estate. As a result, the Trustee submits that the Debtor's bankruptcy estate is entitled to receive all funds derived from these properties. The Debtor has also managed or developed several of the other properties referenced above and, as a result, the Trustee asserts that the estate has an interest in those properties as well.

25. In order to protect the estate's interests in those properties, by application dated March 3, 2009 and amended application dated March 6, 2009, the Trustee sought authority from the Bankruptcy Court two operate these two commercial properties under Bankruptcy Code § 721.

26. By order dated March 19, 2009, the Trustee was "authorized to operate the Debtor's business and properties including, without limitation, the 1228 Wantagh

Property and the 11 Oval Property, for a period of six months from the date hereof." A copy of that order is annexed as Exhibit "11".

27. The Trustee recently applied to the Court for authority to retain Dafnonas Estates, Ltd. to manage these two properties. By management agreements dated December 20, 2008, the Debtor had engaged Dafnonas Estates Ltd. to manage five commercial properties. One management agreement related to 1228 Wantagh Avenue, 3366 Park Avenue and 3375 Park Avenue. The second management agreement concerned Oval Drive and 4880 Veterans. A copy of each of these agreements is annexed as Exhibit "12". This is the same agent that was appointed by Justice Bucaria under his February 29, 2009 order. See Exhibit "5".

28. While 1228 Wantagh Avenue is referenced in the January 2009 stipulation so ordered in the First Capone Action, it was not referenced in the complaint filed by the Capone Parties in any of their four actions. Further, the Debtor is not a party to, nor did it consent to the relief reflected in that stipulation.

29. With respect to 3366 Park Avenue and 3375 Park Avenue, operating agreements reflect that the Debtor is a 50% owner of each of the limited liability companies holding title to each property. Prior to the formation of the limited liability companies holding title, namely 3366 Park Avenue, LLC and 3375 Park Avenue, LLC, respectively, the Debtor held all right, title and interest in 3366 Park Avenue and 3375 Park Avenue. The deeds by which the Debtor transferred title to each of the limited liability companies reflects that there was no consideration for the transfers.

30. The Trustee has been advised that since each of these limited liability companies was formed, the Debtor has collected the rents for 3366 Park Avenue and 3375 Park Avenue, which rents were made payable to the Debtor directly and were deposited into the Debtor's operating account. The Trustee has also been told that the Debtor paid the mortgage, real estate taxes, utilities and other carrying costs of these properties directly from its accounts. As reflected in the management agreements

annexed as Exhibit "12", the Debtor, rather than the limited liability company holding title to each property, also directly entered into the management agreements with respect to each property in December 2008.  See Exhibit "12".

31.     Finally, the Trustee may also have claims arising from and relating to 179 Lincoln, 15 Sterling and 4880 Veterans.  The Trustee has been advised that the Debtor may also have had claims or interests in 179 Lincoln and 15 Sterling, properties which were allegedly sold in 2008, arising out of a development agreement entered into with Chesapeake and one or more other parties.  While A&J Realty of Suffolk LLC ("A&J") is in title to 4880 Veterans, the Trustee has been informed that the Debtor purchased A&J, is the sole member of A&J and that A&J's sole asset was (and is) 4880 Veterans, such that the estate should be declared the true owner of 4880 Veterans or be entitled to other relief relating to that property.

32.     The State Court Actions, the Additional Capone Actions and the two adversary proceedings commenced in the Bankruptcy Court concern claims arising out of common properties.  Community has sought the consolidation of the Community Action with the First Capone Action and at least some of the Capone Parties have consented to the jurisdiction of the Bankruptcy Court as a result of the commencement of the two adversary proceedings.

33.     The Debtor clearly holds title to Oval Drive and 1228 Wantagh Avenue, such that they constitute property of the estate under Bankruptcy Code §§ 541 and 542. The Trustee has further bona fide claims in and to various other properties, including, but not limited to 3366 Park Avenue and 3375 Park Avenue.

34.     While both the Supreme Court and Bankruptcy Court are confronted with competing ownership claims to relating to the same properties, the Bankruptcy Court is the appropriate forum for this dispute given that at least one party has sought declarations that would deprive the estate of its interest in the limited liability companies holding title to 3366 Park Avenue and 3375 Park Avenue, that the determination of ownership rights

in and to property of the estate are plainly within the subject matter jurisdiction of the Bankruptcy Court, and that the determination of such issues constitute "core" proceedings. See 28 U.S.C. §§ 157 and 1334.

35. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 1452.

36. The instant action is a core proceeding pursuant to 28 U.S.C. § 157 as it involves a determination by the Bankruptcy Court as to the extent and validity of claims made against property of the estate.

37. Accordingly, since the State Court Actions are actions that may be removed to the Bankruptcy Court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, the Trustee respectfully requests that the State Court Actions be removed to the Bankruptcy Court for a full and complete adjudication of the claims set forth in the State Court Actions.

**WHEREFORE,** the Trustee respectfully requests that the State Court Actions pending in the Supreme Court of Nassau County, State of New York, under the above referenced-captions and Index Nos. 002253/09 and 022742/08 be removed to this Court.

Dated: Wantagh, New York
April 17, 2009

                            **LaMonica Herbst & Maniscalco, LLP**

By: _s/ David A. Blansky_
David A. Blansky, Esq.
Attorneys for Allan B. Mendelsohn,
the Chapter 7 Trustee of the Bankruptcy
Estate of Goldan, LLC and an interested
party herein.
3305 Jerusalem Avenue - Suite 201
Wantagh, New York 11793
(516) 826-6500