**BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.**
Attorneys for Plaintiff Community National Bank,
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Joseph E. Macy
Robert A. Carruba

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------------------------------X

In re:

GOLDAN, LLC

          Debtor.

-------------------------------------------------------------------------X
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------------X

COMMUNITY NATIONAL BANK,

          Plaintiff and Counterclaim Defendant,

          - against -

PETER CAPONE, PETER CAPONE DEFINED BENEFIT
PENSION PLAN, CHESAPEAKE HILLS GENERAL
PARTNERSHIP, 3366 PARK AVENUE, LLC, ALLAN B.
MENDELSOHN, AS CHAPTER 7 TRUSTEE OF
GOLDAN, LLC and DANIEL PERLA,
          Defendants,

          - against -

PETER CAPONE, AS TRUSTEE OF THE CAPONE
REVOCABLE TRUST, DATED JULY 31, 1995,

          Counterclaim Plaintiff.

-------------------------------------------------------------------------X

Return Date: 3/8/10
Time: 9:30 a.m.

Chapter 7
Case No.: 09-70955-REG

Index No.: 002253/09

Adv. Pro. No. 09-8157 - REG

**NOTICE OF MOTION TO FOR
LEAVE TO AMEND
PLEADINGS**

     PLEASE TAKE NOTICE, that upon, the Declaration of Joseph E. Macy dated January 29,

2010, the Memorandum of Points and Authorities submitted herewith, the proposed Amended

Complaint annexed hereto, and all the prior pleadings and proceedings heretofore had herein, Plaintiff, Community National Bank, will move this Court before the Honorable Robert E. Grossman of the United States Bankruptcy Court, Eastern District of New York, District Courthouse located at 290 Federal Plaza, Central Islip, New York 11722, on March 8, 2010 at 9:30 a.m., for the entry of an Order, pursuant to Rule 15 of the Federal Rules of Civil Procedure, granting Community National Bank leave to file an Amended Complaint and for such other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Defendants by 5:00 p.m. five days prior to the return date and upon any other person whose interests would be affected if the objection is sustained

Dated: Garden City, New York
      January 29, 2010

                          Respectfully submitted,

                          BERKMAN, HENOCH, PETERSON, PEDDY
                          & FENCHEL, P.C.

                          By: _____
                              Joseph E. Macy
                          Attorneys for Plaintiff
                          Community National Bank
                          100 Garden City Plaza
                          Garden City, New York 11530
                          (516) 222-6200

TO:    VANDENBERG & FELIU LLP
        Mark R. Kook, Esq.
        Attorneys for Defendants Peter Capone, Peter Capone
        Defined Pension Benefits Plan, Chesapeake Hills
        General Partnership and 3366 Park Avenue, LLC
        110 East 42nd Street, Suite 1502

New York , NY 10017
(212) 763-6821

LAMONICA HERBST & MANISCALCO, LLP
David A. Blansky, Esq.
Attorneys for Allan B. Mendeksohn, as Trustee
of Goldan, LLC
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
(516) 826-6500

COOPERMAN LESTER MILLER, LLP
Eric H. Gruber, Esq.
Attorneys for Defedant Daniel Perla
1129 Northern Blvd S. 402
Manhasset, NY 11030
(516) 365-1400

**BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.**
Attorneys for Plaintiff Community National Bank,
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Joseph E. Macy
Robert A. Carruba

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP

-----------------------------------------------------------------X

In re:

GOLDAN, LLC

               Debtor.

-----------------------------------------------------------------X

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------X

COMMUNITY NATIONAL BANK,

              Plaintiff and Counterclaim Defendant,

           - against -

PETER CAPONE, PETER CAPONE DEFINED
BENEFIT PENSION PLAN, CHESAPEAKE HILLS
GENERAL PARTNERSHIP, 3366 PARK AVENUE,
LLC, ALLAN B. MENDELSOHN, AS CHAPTER 7
TRUSTEE OF GOLDAN, LLC and DANIEL PERLA,

              Defendants,

           - against -

PETER CAPONE, AS TRUSTEE OF THE CAPONE
REVOCABLE TRUST, DATED JULY 31, 1995,

              Counterclaim Plaintiff.

-----------------------------------------------------------------X

Chapter 7
Case No.: 09-70955-REG

Index No.: 002253/09

Adv. Pro. No. 09-8157 - REG

**DECLARATION OF
JOSEPH E. MACY IN
SUPPORT OF MOTION
FOR LEAVE TO FILE
AMENDED COMPLAINT**

JOSEPH E. MACY, an attorney duly admitted to practice law before the Courts of the State of New York and before the United States District Court for the Eastern District of New York, hereby affirms under penalty of perjury the following:

1.      I am a member of the law firm Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., attorneys for the Plaintiff, Community National Bank ("Community") in the above-captioned action. As such, I am fully familiar with the facts and circumstances underlying the instant application.

2.      I submit this Declaration in support of Community's Motion for an Order pursuant to Rule 15 of the Federal Rules of Civil Procedure, seeking leave to file an Amended Complaint, (a copy of the proposed Amended Complaint is annexed hereto as Exhibit "A"), and for such other and further relief as the Court deems just and proper. This application is submitted in accordance with this Court's Amended Scheduling Order dated December 14, 2009 in which the Court ordered that all motions to amend the pleading be filed by January 29, 2010.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**The Community Loan to 3366 Park Ave, LLC**

3.      On or about September 25, 2008, Community agreed to loan to defendant 3366 Park Avenue LLC, the principal sum of $2,750,000.00 (the "Loan") to be secured by a first mortgage lien upon the land and improvements located at and known as 3366 Park Avenue, Wantagh, New York (the "Property"). At the time of the Loan, all of the public records and

2

documents provided to Community indicated that the debtor, Goldan, was the one hundred percent (100%) fee owner of the Property until the Property was transferred by deed dated June 28, 2007 to 3366 Park Ave, LLC, of which Goldan, LLC was the sole member.

4.    On that date, 3366 Park Avenue, LLC, made and delivered to Community National Bank its Re-stated Mortgage Note ("Note") in the principal sum of $2,750,000.00; Collateral Assignment of Rents and Leases ("Collateral Assignment"); and, Consolidation, Extension and Modification of Mortgage Agreement ("Mortgage") (collectively the "Loan Documents"). The Loan Documents were duly recorded in the office of the Nassau County Clerk on the 8th day of October, 2008.

5.    At the closing, Community satisfied two prior mortgages filed against the Property held by Ridgewood Savings Bank as successor in interest to City & Suburban Federal Saving Bank in the amount of $2,161,734.70. See Exhibit "A" at ¶ 55.

6.    As a result of the foregoing, the Community Mortgage constitutes a valid first lien upon the Property.

7.    Moreover, pursuant to the Loan Documents, 3366 Park Avenue, LLC assigned to Community all rents, leases issues and profits of the Premises as further security for the Loan.

**The Capone State Action**

8.    In or about January, 2009, Community learned that Defendants, Peter Capone, the Peter Capone Defined Benefit Pension Plan and the Chesapeake Hills General

3

Partnership (the "Capone State Action Plaintiffs") commenced an action before the Supreme Court, Nassau County under Index Number 08-022742 (the "Capone State Action") in which they alleged that either individually or collectively, Mark Goldman and/or Goldman & Goldman and/or Jeffrey Daniels and/or Goldan, LLC (the "Capone State Action Defendants"), converted to themselves various monies and assets belonging to the them.

9.      Additionally, in or about January, 2009, Daniel Perla ("Perla") filed a motion in the Capone State Action seeking to intervene therein, claiming that he was defrauded by some or all of the Capone State Action Defendants and that assets belonging to him had been converted.

10.     Most significant to Community was that the Capone State Action Plaintiffs and Perla, entered into a Stipulation (the "Stipulation"), which provided, inter alia, for the creation of an attorney trust account, having as signatories, the attorneys for the Capone State Action Plaintiffs and Perla, which accounts were to receive all monies "from any source including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to the Property."

11.     In or about January, 2009, and without advising the Supreme Court of Community National Bank's security interest in the Property, its right under the Loan Documents to receive the rents, leases, issues and profits of the Property, or that its security interests therein would be impaired by the Stipulation, the Capone State Action Plaintiffs and Perla submitted the Stipulation to the Hon. Stephen Bucaria, J.S.C., who "so ordered" the

Stipulation.

12.    Because the Stipulation ignored and violated the rights of Community under the Loan Documents, Community immediately commenced the instant action by Order to Show Cause with the principle purpose of protecting its rights under the Loan documents, specifically the Collateral Assignment, which would be impaired by the Stipulation. See Complaint annexed hereto as Exhibit "B".  At the time of the filing of the Complaint, Community was unaware of the full extent of the issues and claims asserted by the Capone Plaintiff's, Perla and the Capone Revocable Trust Dated July 31, 1995 relating to the Property. As discussed below, it was not until recently, through discovery in the Adversary Proceedings, that Community has learned of the full extent of the various claims against the Property.

13.    On or about April 16 , 2009, this action was removed to this Court by counsel for the Trustee, Allen B. Mendelsohn.

**The Capone Adversary Proceeding**

14.    On or about March 3, 2009, after Community had commenced this action, an Adversary Proceeding was commenced by Peter Capone, Trustee, of the Capone Revocable Trust dated July 31, 1995 against Alan B. Mendelsohn, as Chapter 7 Trustee of Goldan, LLC under Adversary Proceeding No. 08091/09-REG seeking, among other things, to enforce an alleged fifty-percent (50%) interest in the Property and 3366 Park Avenue, LLC (the "Capone Adversary Proceeding"). See Complaint annexed hereto as Exhibit "C" at ¶ 10-18.

15.    In the Capone Adversary Proceeding, the Trust alleges that it was a fifty-percent (50%) member of 3366 Park Avenue, LLC, prior to Community's Mortgage and that is entitled to the rent and profits due from the Property in direct contradiction to Community's rights under the Loan Documents. Moreover, Peter Capone has testified that Mark Goldman, a member of Goldan, LLC, delivered to him a copy of a Bargain and Sell Deed transferring a fifty percent (50%) fee interest in the Property to the Trust.

**The Capone Answer to the Complaint**

16.    On January 21, 2010, Peter Capone, Peter Capone Defined Benefit Pension Plan, Chesapeake Hills General Partnership, and 3366 Park Ave, LLC filed an answer to Community's Complaint (the "Capone Answer"). <u>See</u> Capone Answer with Counterclaim annexed hereto as Exhibit "D". In addition to Answering the Complaint, the Answer includes a counterclaim against Community, on behalf of the Trust, as a counter claim Plaintiff, alleging that it owned a fifty-percent (50%) interest in 3366 Park Ave, LLC, that the granting of the Community Mortgage was in derogation of the Trust's alleged ownership rights and, as a result, seeking a declaration that the Community Mortgage is improper, invalid, null and void and should be cancelled as a matter of record.

17.    The filing of this answer on January 21, 2010 is the first time that any Party has alleged a claim against Community seeking to void the Mortgage.[1]

---

[1] Although Defendants' answer was only recently served and pursuant to Federal Rule Civil Procedures 15, Plaintiff may amend as of right within twenty-one (21) days, Plaintiff has filed this motion due to the Court's Scheduling Order which sets firm deadlines for amendments to pleadings and dispositive motions.

**Plaintiff Should Be Permitted to Amend it Complaint**

18.    It is evident from the foregoing that since the filing of Community's Complaint various claims have been asserted in both the Capone Adversary Proceeding and the Capone Answer, that can negatively impact Community's first lien priority against the Property, including the voiding thereof.    Moreover, as a result of discovery in this proceeding, including the exchanged of documents and depositions, the claims of Capone and the Trust concerning the Property, that were unknown to Community at the time it filed its Complaint, have now been clarified.

19.    As the Court is aware, fact discovery in this and the other related adversary proceedings only ended on January 22, 2008.  Therefore, some of the facts relevant to this amendment were only learned by Community within the past few weeks.

20.    Based upon the foregoing, Community respectfully requests leave of Court to amend it pleadings in order to (1) clarify its factual allegations based upon the evidence produced during discovery; (2) to assert claims against the Trust only recently added as a counterclaim Plaintiff; and (3) to assert two additional causes of action, (see Exhibit "A" at the First and Third Causes of Action) for (i) a declaration that it holds a valid first lien upon the Property in the principle amount of $2,750,000.00 despite the claims of the Trust and (ii) that in the event the Mortgage is deemed void, a claim for equitable subrogation based upon Community's satisfaction, out of the Loan proceeds, of two prior mortgages filed against the Property in the amount of $2,161,734.70, plus interest thereon.  Both of the new causes of

action arise out of the facts set forth in the original complaint of which the Defendants have been on notice of since the action was commenced.

21.    The Court is respectfully referred to the Memorandum of Points and Authorities submitted herewith for Community's legal arguments in support of this application.  As set further therein, the granting of this application shall not prejudice the Defendant since the new causes of action claims herein all arise from the same facts and circumstances relevant to the instant action and the Capone Adversary Proceeding. Additionally, the Trust's recently filed (January 21, 2010) Answer with Counterclaims raises similar claims.

WHEREFORE, the Community National Bank respectfully requests that this Court enter an Order granting Plaintiff Leave of Court to file an amended answer in the form annexed hereto as Exhibit "A" and for such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      January 29, 2009

Joseph E. Macy

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-----------------------------------------------------------------X

In re:                                                            Chapter 7
                                                                  Case No.: 09-70955-REG

GOLDAN, LLC

              Debtor.
-----------------------------------------------------------------X
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
COMMUNITY NATIONAL BANK,                              Index No.: 002253/09

         Plaintiff and Counterclaim Defendant,        Adv. Pro. No. 09-8157 - REG

         - against -                                       **AMENDED**
                                                           **COMPLAINT**
PETER CAPONE, PETER CAPONE DEFINED
BENEFIT PENSION PLAN, CHESAPEAKE HILLS
GENERAL PARTNERSHIP, 3366 PARK AVENUE,
LLC, ALLAN B. MENDELSOHN, AS CHAPTER 7
TRUSTEE OF GOLDAN, LLC and DANIEL PERLA,

              Defendants,

         - against -

PETER CAPONE, AS TRUSTEE OF THE CAPONE
REVOCABLE TRUST, DATED JULY 31, 1995,

         Counterclaim Plaintiff.

-----------------------------------------------------------------X


       Plaintiff and Counterclaim Defendant, **COMMUNITY NATIONAL BANK**, by its

attorneys, Berkman, Henoch, Peterson, Peddy & Fenchel P.C., as and for its Complaint

herein, alleges as follows:

## NATURE OF THIS PROCEEDING

1.      This Court has jurisdiction over this action under 28 U.S.C. §1334(a) and (b),
28 U.S.C. §157 and the standing Order of the District Court in this District, which refers all
bankruptcy cases filed in this District and all matters arising in and under said cases, and
related thereto, to the Bankruptcy Judges of this District.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1409.

3.      This action arises in and under, and/or related to the above-captioned Chapter
7 bankruptcy case of Goldan, LLC ("Debtor"), which was filed on February 18, 2009
("Filing Date").

4.      This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K) and (O).

## THE PARTIES

5.      At all times hereinafter relevant, Community National Bank, was and is a
federally chartered banking corporation, organized and existing pursuant to the laws of the
United States of America and maintains its principal offices at 200 Middle Neck Road, Great
Neck, in the State of New York, County of Nassau.

6.      Upon information and belief, at all times hereinafter relevant, 3366 Park
Avenue, LLC, was and is a limited liability company organized and existing pursuant to the
laws of the State of New York and maintains its principal offices at 585 Stewart Avenue,
Garden City, in the State of New York, County of Nassau.

7.      Upon information and belief, at all times hereinafter relevant, Defendant,

2

Goldan, LLC, was and is a limited liability company organized and existing pursuant to the laws of the State of New York and maintains its principal offices at 585 Stewart Avenue, Garden City, in the State of New York, County of Nassau.

8.     Upon information and belief, at all times hereinafter relevant, Goldan, LLC, was and is the sole member of 3366 Park Avenue, LLC.

9.     Upon information and belief, at all times hereinafter relevant, Peter Capone, was and is a resident of the State of California.

10.     Upon information and belief, at all times hereinafter relevant, the Peter Capone Defined Benefit Pension Plan, was and is a Defined Benefit Plan located in the County of Nassau, State of New York.

11.     Upon information and belief, at all times hereinafter relevant, Chesapeake Hills General Partnership, was and is a New York General Partnership and maintains its principal place of business in the County of Nassau, State of New York.

12.     Upon information and belief, at all times hereinafter relevant, Daniel Perla, was and is a resident of the State of New York, County of Nassau.

13.     Upon information and belief, counterclaim Plaintiff, The Peter Capone Revocable Trust dated July 31, 1995 (the "Trust"), is a revocable trust maintaining an address in the State of California.

## FACTS

### The Community Loan to 3366 Park Ave. LLC

14.    Heretofore, Community National Bank agreed to loan to 3366 Park Avenue LLC, the principal sum of $2,750,000.00 (the "Loan") to be secured by a first mortgage lien upon the land and improvements located at and known as 3366 Park Avenue, Wantagh, New York (the "Property").

15.    On September 25, 2008, 3366 Park Avenue, LLC, made and delivered to Community National Bank its Re-stated Mortgage Note ("Note") in the principal sum of $2,750,000.00; Collateral Assignment of Rents and Leases ("Collateral Assignment"); and, Consolidation, Extension and Modification of Mortgage Agreement ("Mortgage") (collectively the "Loan Documents").

16.    That the Loan Documents were duly recorded in the office of the Nassau County Clerk on the 8th day of October, 2008.

17.    That the Mortgage constitutes a valid first lien upon the Property.

18.    That the Collateral Assignment given by 3366 Park Avenue, LLC to Community National Bank provides as follows:

> "The Assignor has become indebted to the Assignee pursuant to certain promissory notes, mortgages and an agreement (hereinafter "Mortgage") of even date herewith given by the Assignor to the Assignee in the principal sum of Two Million Seven Hundred and Fifty Thousand & 00/100 ($2,750,000.00) Dollars, to secure payment of the Mortgage. Such Mortgage encumbers the premises located at 3366 Park Avenue, Wantagh, New York, as more particularly described on Schedule A

4

annexed hereto and made a part hereof (the "Premises").

The Assignor desires to further secure the note and indebtedness now due and to become due the Assignee.

**NOW, THEREFORE,** the Assignor, for and in consideration of these presents and mutual agreements herein contained and as further and additional security to the Assignee, does hereby sell, assign and transfer to the Assignee, any and all proprietary leases and other leases and sub-leases and all membership interest (hereinafter collectively referred to as "Leases and Agreements"), affecting the Premises and all extensions, renewals and replacements of them and any and all guarantees of any lessees or members' obligations under any of the leases, and all of the rents, issues and profits now due and which may hereafter become due under or by virtue of any lease or agreement whether written or oral, or any letting of, or any agreement for the use or occupancy of the Premises or any part thereof, which may have been heretofore or may be hereafter made or agreed to or which may be made or agreed to by the Assignor.

It is the intention of this agreement to establish an absolute transfer and assignment of all the said Leases and Agreements, and all the avails thereof to the Assignee. The Assignor does hereby appoint irrevocably the Assignee to be its true and lawful attorney in its name and stead (with or without taking possession of the Premises), coupled with an interest and with full power of substitution, to rent, lease or let all of any portion of said Premises enter into or extend the membership of any party or parties at such rental and upon such terms. In the Assignee's sole and absolute discretion as it may determine, and to collect all of the rents, issues dues and profits arising from or accruing from and after the date hereof or which may now be due or owing under each and all of the Leases and Agreements, or which may hereafter exist on the Premises with the same rights and powers and subject to the same immunities, exoneration from liability and rights of recourse and indemnity as the assignee would have upon taking possession of said Premises pursuant to the provisions hereafter set forth."

5

19.    That pursuant to the Mortgage, 3366 Park Avenue, LLC, further agreed as

follows:

### "ASSIGNMENT OF RENT AND LEASES

14(a). Mortgagor hereby absolutely and unconditionally assigns and transfers to the Mortgagee, all rents, leases, issues and profits of the Premises as further security for the payment of said indebtedness and the Mortgagor grants to the Mortgagee the right to enter upon and take possession of Premises for the purpose of collecting the same and to let the Premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses on account of said indebtedness. This assignment and grant shall continue in effect until this agreement is paid.

(b) The Mortgagee hereby waives the right to enter upon and take possession of said Premises for the purpose of collecting said rents, issues and profits and the Mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this Agreement and agrees to take such rents, issues and profits in payment of principal and interest becoming due on this Agreement and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said Premises, but said right of the Mortgagor may be revoked by the Mortgagee upon any default or (5) days written notice. Once such notice has been given and the time period has expired (i) Mortgagee shall be deemed to have re-taken possession (ii) rents received by Mortgagor are deemed to be the property of Mortgagee and are held in trust by Mortgagor for benefit of Mortgagee and (iii) Mortgagor will automatically and immediately forward said rents to Mortgagee.

(c) The Mortgagor will not, without written consent of the Mortgagee, receive or collect rent from any tenant of said Premises or any part thereof for a period of more than one

6

month in advance.

(d) In the event of any default under this Agreement, Mortgagor will pay monthly in advance to the Mortgagee, or its agent, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said Premises or such part thereof as may be in the possession of the Mortgagor.    Upon default in any such payment, Mortgagor will vacate and surrender the possession of said Premises to the Mortgagee or to any receiver and be in default thereof and may evicted by summary proceedings.

(e) In addition, in the event of default, Mortgagor/Guarantors promise to pay Use and Occupancy at the Fair Market Value, for any and all space occupied, but in no event shall Use and Occupancy be less than the fair monthly rental amount as determined by an appraisal."

20.    That pursuant to the commitment letter dated July 17, 2004 and executed by

3366 Park Avenue, LLC on August 4, 2008, 3366 Park Avenue, LLC  agreed as follows:

"17. **LEASE SECURITY DEPOSITS AND OPERATING ACCOUNTS**. The borrower shall open and maintain the lease security deposit account for the property, if any, with the bank at closing and shall maintain such account on deposit with the bank until the loan is paid in full.  Borrower must also open an operating account for the property at the bank with auto debit for monthly mortgage payments for the term of the loan."

**The Capone State Court Action**

21.    Heretofore, Defendants, Peter Capone, the Peter Capone Defined Benefit

Pension Plan and the Chesapeake Hills General Partnership (the "Capone State Action

Plaintiffs") commenced an action before the Supreme Court, Nassau County under Index

Number 08-022742 (the "Capone State Action") in which they allege that either individually

7

or collectively, defendants, Mark Goldman and/or Goldman & Goldman and/or Jeffrey Daniels and/or Goldan, LLC (the "Capone State Action Defendants"), have converted to themselves various monies and assets belonging to the them.

22.    Upon information and belief, the source of which is the review of the Court's file pertaining to the Capone State Action, heretofore, the Capone State Action Plaintiffs moved by Order to Show Cause for an Order of enjoining and restraining the Capone State Action Defendants "from transferring any funds emanating from or relating to the various entities, funds or other assets ...," including 3336 Park Avenue, LLC and the Property.

23.    Upon information and belief, in or about January, 2009, Defendant Daniel Perla ("Perla") filed a motion in the Capone State Action seeking to intervene therein.

24.    Upon information and belief, Perla alleges that he was defrauded by some or all of the Capone State Action Defendants and that assets belonging to him have been converted.

25.    Upon information and belief, in or about January, 2009, the Capone State Action Plaintiffs and Perla, entered into a Stipulation (the "Stipulation"), which provided, inter alia, for the creation of an attorney trust account, having as signatories, the attorneys for the Capone State Action Plaintiffs and counsel for Perla, which accounts were to receive all monies "from any source including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to the Property." The aforesaid Stipulation further provided for the appointment of Dafnonas States, Ltd. as property manager for, inter alia, the

8

Property.

26.    In or about January, 2009, and without advising the Court of Community National Bank's security interest in the Property, its right under the Loan Documents to receive the rents, leases, issues and profits of the Property, or that its security interests therein would be impaired by the Stipulation, the Capone State Action Plaintiffs and Perla submitted the Stipulation to the Hon. Stephen Bucaria, J.S.C., who "so ordered" the Stipulation.

27.    In the Capone State Action, Capone alleged he received a fifty percent interest in the Property and that he was provided with an Operating Agreement establishing his fifty-percent (50%) interest in the Property.

28.    That Capone never recorded a deed in the Nassau County Clerk's Office concerning his alleged fifty-percent (50%) interest in the Property.

29.    That Community lacked either actual or constructive notice of any interest allegedly held by Capone in the Property at the time the Loan Documents were delivered to Community.

30.    That Community lacked either actual or constructive notice of any interest allegedly held by Capone in 3366 Park Avenue, LLC a the time the Loan Documents were delivered to Community.

**The Capone Adversary Proceeding**

31.    On or about March 3, 2009 an Adversary Proceeding was commenced by Peter Capone, Trustee, of the Capone Revocable Trust dated July 31, 1995 against Alan B.

Mendelsohn, as Chapter 7 Trustee of Goldman, LLC under Adversary Proceeding No. 08091/09 REG seeking, among other things, to enforce an alleged fifty-percent (50%) interest in the Property and 3366 Park Avenue, LLC (the "Capone Adversary Proceeding").

32.    That, in the Capone Adversary Proceeding, the Trust alleges that it is a fifty-percent (50%) member of 3366 Park Avenue, LLC.

33.    That in the Capone Adversary Proceeding, the Trust alleges an entitlement to the rent and profits due from the Property.

34.    That Community lacked actual or constructive notice of any interest allegedly held by the Trust in the Property at the time the Loan Documents were delivered to Community

35.    That Community National Bank lacked actual or constructive notice of any interest allegedly held by the Trust in 3366 Park Avenue, LLC at the time the Loan documents were delivered to Community.

## AS AND FOR A FIRST CAUSE OF ACTION

36.    Plaintiff, Community, repeats, reiterates and realleges each and every allegation set forth in those paragraphs of its Complaint enumerated "1" through "35" with the same force and effect as if each were more fully set forth herein in its entirety.

37.    That Community is the holder of a valid first lien upon the Property in the principal amount of $2,750,000.00.

38.    That in the Capone Adversary Proceeding, the Trust claims that it never

10

authorized or consented to the Community Loan or the Community Mortgage and that the Loan and Mortgage were obtain without its authority as an alleged fifty-percent (50%) member of 3366 Park Avenue, LLC., in contradiction to the terms of the applicable Operating Agreement.

39.    That prior to and upon the delivery of the Loan documents, Plaintiff did not have actual or constructive knowledge of any interest held by the Trust in 3366 Park Avenue, LLC.

40.    That prior to and upon the delivery of the Loan documents, Plaintiff did not have actual or constructive knowledge of any interest held by the Trust in the Property.

41.    That as a result of the claims of the Trust, there exists a present, actual and immediate controversy concerning Community's right as the holder of a valid first lien upon the Property in the principal amount of $2,750,000.00.

42.    By virtue of the foregoing Community National Bank is entitled to an Order and Judgment of the Court declaring that it holds a valid first lien upon the Property in the principle amount of $2,750,000.00

43.    Community National Bank lacks adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION

44.    Plaintiff, Community National Bank, repeats, reiterates and realleges each and every allegation set forth in those paragraphs herein enumerated "1" through "43" with the same force and effect as if each were more fully set forth herein in its entirety.

45.    That Community National Bank is the holder of a valid first lien upon the Property in the principal amount of $2,750,000.00.

46.    That pursuant to the terms of the Loan Documents, Community National Bank, is the absolute and unconditional assignee from Defendant, 3366 Park Avenue, LLC, of all rents, leases, issues and profits of the Property as security for the payment of all indebtedness due to Community National Bank.

47.    That in or about January, 2009, the Capone State Action Plaintiffs entered into at certain "So Ordered" Stipulation with Perla in the Capone State Action and which Stipulation provides that all money received from any source, including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to the Property shall be deposited into an attorney trust account maintained by counsel for the Capone State Action Plaintiffs and Perla.

48.    That in the Capone Adversary Proceeding, the Trust alleges an entitlement to the rent and profits due from the Property.

49.    That the Stipulation and Capone's claims in the Capone State Court Action and the Capone Adversary Proceeding ignore and violate Community's superior rights, lien and the assignment of the rents, leases, issues and profits of the Property by 3366 Park Avenue, LLC.

50.    That Community's interest and right to receive the said rents, leases, issues and profits of the Property is superior to that of the Capone State Action Plaintiffs, the Trust and

12

Perla and that said Stipulation violates Community's rights therein.

51.     That there exists a present, actual and immediate controversy concerning Community's right to receive possession of the said rents, leases, issues and profits of the Property as security for the indebtedness due under the Loan Documents.

52.     By virtue of the foregoing, Community is entitled to an order and judgment of this Court (i) vacating the said Stipulation dated January, 2009, on the grounds that said Stipulation violates its rights and interests pursuant to the Loan Documents; (ii) directing that the rents, leases, issues and profits of the Property, to the extent already in possession of the said parties, or their attorneys, agents and servants, be forthwith delivered to Community; (iii) directing that all rents, leases, issues and profits of the Property be delivered to Community; (iv) directing that from said rents, leases, issues and profits of the Property, that the indebtedness due under the Loan Documents be paid in full to Community pursuant to the terms thereof and that after payment of said sums, any remaining balance be turned over, by Community National Bank, to be deposited with Trustee; and (v) and granting to Community, such other and further relief as may appear proper to this Court.

53.     Community National Bank lacks an adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION

54.     Plaintiff, Community, repeats, reiterates and realleges each and every allegation set forth in those paragraphs herein enumerated "1" through "53" with the same force and effect as if each were more fully set forth herein in its entirety.

13

55.     In order to acquire a mortgage lien priority, Community as mortgagee, paid out of the mortgage proceeds on September 25, 2008 the sum of $2,161,734.70 to then senior mortgage holder, Ridgewood Savings Bank as Successor in interest to City & Suburban Federal Saving Bank, to satisfy two (2) mortgages held by Ridgewood Savings Bank dated April 28, 2005, and recorded on May 16, 2005 in the Office of the Clerk of the County of Nassau at Liber 28810, Page 551 and dated July 8, 2004 and recorded September 2, 2004 in the office of the County Clerk of Nassau in Liber 27516, Page 886.

56.     In the event this Court hold that the Community Mortgage is void, based upon the application of the doctrine of equitable subrogation, Community, to the extent of payments totaling $2,161,734.70 as hereinbefore set forth, should be declared to be the holder of a mortgage lien upon the Property and the interest of all lienors or other claimants in and to said Property is subject to the said mortgage lien in the sum of $2,161,734.70 with interest thereon and other charges from September 25, 2008.

**WHEREFORE,** Plaintiff Community National Bank, respectfully prays for a order and judgment of this Court as follows:

(1)     On its first cause of action for an Order and Judgment of this Court declaring that Community National Bank maintains a valid first lien against the Property in the principle amount of $2,750,000.00;

(2)     On its second cause of action:

(a)     vacating the said Stipulation dated January, 2009, on the grounds that

14

said Stipulation is in violation of its rights and interests pursuant to the Loan Documents;

(b)    directing that the rents, leases, issues and profits of the Property, to the extent already in possession of the said parties, or their attorneys, agents and servants, be forthwith delivered to Community National Bank;

(c)    directing that all rents, leases, issues and profits of the Property be delivered to Community National Bank;

(d)    directing that from said rents, leases, issues and profits of the Property, that the indebtedness due under the Loan Documents be paid in full to Community National Bank pursuant to the terms thereof and that after payment of said sums, any remaining balance be turned over, by Community National Bank, to be deposited with the Trustee;

(3)    On the third cause of action, in the event the Community National Bank Mortgage is found void by this Court, for an order declaring Community to be the holder of a valid first priority mortgage lien against the Property in the amount of $2,161,734.70 with interest thereon from September 25, 2008;

(4)    together with its costs, expenses and reasonable attorney's fees in this action; and

15

(5)    granting to Community National Bank such other and further relief as may

appear proper to this Court.

Dated:    Garden City, New York
          January 29, 2010

                              BERKMAN, HENOCH, PETERSON, PEDDY
                              & FENCHEL, P.C.


                              By: _____
                                  Joseph E. Macy
                                  Attorneys for Plaintiff
                                  100 Garden City Plaza
                                  Garden City, NY 11530
                                  (516) 222-6200

16

**Exhibit B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x

COMMUNITY NATIONAL BANK,

Index No.  09-002553

Plaintiff,

Date Filed:  2/13/09

-against-

Plaintiff designates
NASSAU COUNTY
as the place of trial

PETER CAPONE, PETER CAPONE DEFINED BENEFIT
PENSION PLAN, CHESAPEAKE HILLS GENERAL
PARTNERSHIP, 3366 PARK AVENUE, LLC, GOLDAN,
LLC, and DANIEL PERLA,

SUMMONS

Defendants.

Plaintiff maintains its
principal place of business
in the County of Nassau

------------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

     YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys an
answer to the complaint in this action within twenty (20) days after service of this summons,
exclusive of the day of service (or within thirty (30) days after service is complete if this summons
is not personally delivered to you within the State of New York), and in case of your failure to
answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Dated: Garden City, New York
        February 12, 2009

```
        R E C E I P T
 Printed:02-13-2009 @ 11:16:05
         NASSAU COUNTY
        MAUREEN O'CONNELL
         COUNTY CLERK

Trans#: 43562        Oper:AF001
BERKMAN

Ref#: IN 09--002553
Ctl#: 514  Rec:2-13-2009 @ 11:12:44a
-------------------------------------
DOC | DESCRIPTION      TRANS AMT

   1 COMMUNITY NATIONAL BANK
   2 CAPONE, PETER
INDEX # W/ SUMMONS & COMPLAINT
Dept of Education          5.00
CULTURAL EDUCATION        14.25
CULTURAL ED COUNTY          .75
County Fee                25.00
State Fee-Index          165.00
                        --------
     Total fees:         210.00

*** Total charges:       210.00

CHECK PM 23535           210.00
```

BERKMAN, HENOCH, PETERSON & PEDDY, P.C.

By: _Joseph E. Macy_
        Joseph E. Macy

Attorneys for Plaintiff
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200

RECEIVED

FEB 13 2009

NASSAU COUNTY
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x

COMMUNITY NATIONAL BANK,

                              Plaintiff,

        -against-

PETER CAPONE, PETER CAPONE DEFINED BENEFIT
PENSION PLAN, CHESAPEAKE HILLS GENERAL
PARTNERSHIP, 3366 PARK AVENUE, LLC, GOLDAN,
LLC, and DANIEL PERLA,

                              Defendants.

------------------------------------------------------------------x

Index No.   09 - 002553

Date Filed:   2/13/09

Plaintiff designates
NASSAU COUNTY
as the place of trial

SUMMONS

Plaintiff maintains its
principal place of business
in the County of Nassau

TO THE ABOVE NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys an
answer to the complaint in this action within twenty (20) days after service of this summons,
exclusive of the day of service (or within thirty (30) days after service is complete if this summons
is not personally delivered to you within the State of New York), and in case of your failure to
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
        February 12, 2009

                              BERKMAN, HENOCH, PETERSON & PEDDY, P.C.


                              By:   *Joseph E. Macy*
                                      Joseph E. Macy

                              Attorneys for Plaintiff
                              100 Garden City Plaza
                              Garden City, New York 11530
                              (516) 222-6200

RECEIVED

FEB 1 3 2009

NASSAU COUNTY
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
COMMUNITY NATIONAL BANK,                          Index No.:

                           Plaintiff,

          - against -                                                  **COMPLAINT**

PETER CAPONE, PETER CAPONE DEFINED
BENEFIT PENSION PLAN, CHESAPEAKE
HILLS GENERAL PARTNERSHIP, 3366 PARK
AVENUE, LLC, GOLDAN, LLC and DANIEL
PERLA,

                           Defendants.

------------------------------------------------------------------X

RECEIVED

FEB 1 3 2009

NASSAU COUNTY
COUNTY CLERK'S OFFICE

          Plaintiff, **COMMUNITY NATIONAL BANK**, by its attorneys, Berkman, Henoch,

Peterson & Peddy, P.C., as and for its Complaint herein, alleges as follows:

          1.     At all times hereinafter relevant, Plaintiff, Community National Bank, was and

is a federally chartered banking corporation, organized and existing pursuant to the laws of

the United States of America and maintains its principal offices at 200 Middle Neck Road,

Great Neck, in the State of New York, County of Nassau.

          2.     Upon information and belief, at all times hereinafter relevant, 3366 Park

Avenue, LLC, was and is a limited liability company organized and existing pursuant to the

laws of the State of New York and maintains its principal offices at 585 Stewart Avenue,

Garden City, in the State of New York, County of Nassau.

          3.     Upon information and belief, at all times hereinafter relevant, Defendant,

Goldan, LLC, was and is a limited liability company organized and existing pursuant to the laws of the State of New York and maintains its principal offices at 585 Stewart Avenue, Garden City, in the State of New York, County of Nassau.

4.     Upon information and belief, at all times hereinafter relevant, Goldan, LLC, was and is the sole member of 3366 Park Avenue, LLC.

5.     Upon information and belief, at all times hereinafter relevant, Peter Capone, was and is a resident of the State of California.

6.     Upon information and belief, at all times hereinafter relevant, the Peter Capone Defined Benefit Pension Plan, was and is a Defined Benefit Plan located in the County of Nassau, State of New York.

7.     Upon information and belief, at all times hereinafter relevant, Chesapeake Hills General Partnership, was and is a New York General Partnership and maintains its principal place of business in the County of Nassau, State of New York.

8.     Upon information and belief, at all times hereinafter relevant, Daniel Perla, was and is a resident of the State of New York, County of Nassau.

9.     Heretofore, Community National Bank agreed to loan to 3366 Park Avenue LLC, the principal sum of $2,750,000.00 (the "Loan") to be secured by a first mortgage lien upon the land and improvements located at and known as 3366 Park Avenue, Wantagh, New York (the "Property").

10.     On September 25, 2008, 3366 Park Avenue, LLC, made and delivered to

2

Community National Bank its Re-stated Mortgage Note ("Note") in the principal sum of

$2,750,000.00; Collateral Assignment of Rents and Leases ("Collateral Assignment"); and,

Consolidation, Extension and Modification of Mortgage Agreement ("Mortgage")

(collectively the "Loan Documents").

11.    That the Loan Documents were duly recorded in the office of the Nassau

County Clerk on the 8th day of October, 2008.

12.    That the Mortgage constitutes a valid first lien upon the Property.

13.    That the Collateral Assignment given by 3366 Park Avenue, LLC to

Community National Bank provides as follows:

> "The Assignor has become indebted to the Assignee pursuant to
> certain promissory notes, mortgages and an agreement
> (hereinafter "Mortgage") of even date herewith given by the
> Assignor to the Assignee in the principal sum of Two Million
> Seven Hundred and Fifty Thousand & 00/100 ($2,750,000.00)
> Dollars, to secure payment of the Mortgage. Such Mortgage
> encumbers the premises located at 3366 Park Avenue, Wantagh,
> New York, as more particularly described on Schedule A
> annexed hereto and made a part hereof (the "Premises").
>
> The Assignor desires to further secure the note and indebtedness
> now due and to become due the Assignee.
>
> **NOW, THEREFORE,** the Assignor, for and in consideration
> of these presents and mutual agreements herein contained and
> as further and additional security to the Assignee, does hereby
> sell, assign and transfer to the Assignee, any and all proprietary
> leases and other leases and sub-leases and all membership
> interest (hereinafter collectively referred to as "Leases and
> Agreements"), affecting the Premises and all extensions,
> renewals and replacements of them and any and all guarantees
> of any lessees or members' obligations under any of the leases,

3

and all of the rents, issues and profits now due and which may hereafter become due under or by virtue of any lease or agreement whether written or oral, or any letting of, or any agreement for the use or occupancy of the Premises or any part thereof, which may have been heretofore or may be hereafter made or agreed to or which may be made or agreed to by the Assignor.

It is the intention of this agreement to establish an absolute transfer and assignment of all the said Leases and Agreements, and all the avails thereof to the Assignee. The Assignor does hereby appoint irrevocably the Assignee to be its true and lawful attorney in its name and stead (with or without taking possession of the Premises), coupled with an interest and with full power of substitution, to rent, lease or let all of any portion of said Premises enter into or extend the membership of any party or parties at such rental and upon such terms. In the Assignee's sole and absolute discretion as it may determine, and to collect all of the rents, issues dues and profits arising from or accruing from and after the date hereof or which may now be due or owing under each and all of the Leases and Agreements, or which may hereafter exist on the Premises with the same rights and powers and subject to the same immunities, exoneration from liability and rights of recourse and indemnity as the assignee would have upon taking possession of said Premises pursuant to the provisions hereafter set forth."

14.    That pursuant to the Mortgage, 3366 Park Avenue, LLC, further agreed as follows:

## "ASSIGNMENT OF RENT AND LEASES

14(a). Mortgagor hereby absolutely and unconditionally assigns and transfers to the Mortgagee, all rents, leases, issues and profits of the Premises as further security for the payment of said indebtedness and the Mortgagor grants to the Mortgagee the right to enter upon and take possession of Premises for the purpose of collecting the same and to let the Premises or any

4

part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses on account of said indebtedness. This assignment and grant shall continue in effect until this agreement is paid.

(b) The Mortgagee hereby waives the right to enter upon and take possession of said Premises for the purpose of collecting said rents, issues and profits and the Mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this Agreement and agrees to take such rents, issues and profits in payment of principal and interest becoming due on this Agreement and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said Premises, but said right of the Mortgagor may be revoked by the Mortgagee upon any default or (5) days written notice. Once such notice has been given and the time period has expired (i) Mortgagee shall be deemed to have re-taken possession (ii) rents received by Mortgagor are deemed to be the property of Mortgagee and are held in trust by Mortgagor for benefit of Mortgagee and (iii) Mortgagor will automatically and immediately forward said rents to Mortgagee.

(c) The Mortgagor will not, without written consent of the Mortgagee, receive or collect rent from any tenant of said Premises or any part thereof for a period of more than one month in advance.

(d) In the event of any default under this Agreement, Mortgagor will pay monthly in advance to the Mortgagee, or its agent, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said Premises or such part thereof as may be in the possession of the Mortgagor.   Upon default in any such payment, Mortgagor will vacate and surrender the possession of said Premises to the Mortgagee or to any receiver and be in default thereof and may evicted by summary proceedings.

(e) In addition, in the event of default, Mortgagor/Guarantors promise to pay Use and Occupancy at the Fair Market Value, for

5

any and all space occupied, but in no event shall Use and Occupancy be less than the fair monthly rental amount as determined by an appraisal."

15.    That pursuant to the commitment letter dated July 17, 2004 and executed by

3366 Park Avenue, LLC on August 4, 2008, 3366 Park Avenue, LLC  agreed as follows:

"17.  **LEASE SECURITY DEPOSITS AND OPERATING ACCOUNTS**.  The borrower shall open and maintain the lease security deposit account for the property, if any, with the bank at closing and shall maintain such account on deposit with the bank until the loan is paid in full.  Borrower must also open an operating account for the property at the bank with auto debit for monthly mortgage payments for the term of the loan."

16.    Heretofore, Defendants, Peter Capone, the Peter Capone Defined Benefit

Pension Plan and the Chesapeake Hills General Partnership (the "Capone Action Plaintiffs")

commenced an action before the Supreme Court, Nassau County under Index Number 08-

022742 (the "Capone Action") in which they allege that either individually or collectively,

defendants, Mark Goldman and/or Goldman & Goldman and/or Jeffrey Daniels and/or

Goldan, LLC (the "Capone Action Defendants"), have converted to themselves various

monies and assets belonging to the them.

17.    Upon information and belief, the source of which is the review of the Court's

file pertaining to the Capone Action, heretofore, the Capone Action Plaintiffs moved by

Order to Show Cause for an Order of enjoining and restraining the Capone Action

Defendants "from transferring any funds emanating from or relating to the various entities,

6

funds or other assets ...," including 3336 Park Avenue, LLC and the Property.

18.    Upon information and belief, in or about January, 2009, Defendant Daniel Perla ("Perla") filed a motion in the Capone Action seeking to intervene therein.

19.    Upon information and belief, Perla alleges that he was defrauded by some or all of the Capone Action Defendants and that assets belonging to him have been converted.

20.    Upon information and belief, in or about January, 2009, the Capone Action Plaintiffs and Perla, entered into a Stipulation (the "Stipulation"), which provided, inter alia, for the creation of an attorney trust account, having as signatories, the attorneys for the Capone Action Plaintiffs and counsel for Perla, which accounts were to receive all monies "from any source including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to the Property." The aforesaid Stipulation further provided for the appointment of Dafnonas States, Ltd. as property manager for, inter alia, the Property.

21.    In or about January, 2009, and without advising the Court of Community National Bank's security interest in the Property, its right under the Loan Documents to receive the rents, leases, issues and profits of the Property, or that its security interests therein would be impaired by the Stipulation, the Capone Action Plaintiffs and Perla submitted the Stipulation to the Hon. Stephen Bucaria, J.S.C., who "so ordered" the Stipulation.

## AS AND FOR A FIRST CAUSE OF ACTION

22.    Plaintiff, Community National Bank, repeats, reiterates and realleges each and every allegation set forth in those paragraphs of its Complaint enumerated "1" through "21" with the same force and effect as if each were more fully set forth herein in its entirety.

23.    That Community National Bank is the holder of a valid first lien upon the Property in the principal amount of $2,750,000.00.

24.    That pursuant to the terms of the Loan Documents, Community National Bank, is the absolute and unconditional assignee from Defendant, 3366 Park Avenue, LLC, of all rents, leases, issues and profits of the Property as security for the payment of all indebtedness due to Community National Bank.

25.    That in or about January, 2009, the Capone Action Plaintiffs entered into at certain "So Ordered" Stipulation with Perla in the Capone Action and which Stipulation provides that all money received from any source, including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to the Property shall be deposited into an attorney trust account maintained by counsel for the Capone Action Plaintiffs and Perla.

26.    That the Stipulation ignores and violates Community National Bank's superior rights, lien and the assignment of the rents, leases, issues and profits of the Property by 3366 Park Avenue, LLC.

27.    That Community National Bank's interest and right to receive the said rents,

8

leases, issues and profits of the Property is superior to that of the Capone Action Plaintiffs and Perla and the said Stipulation violates Community National Bank's rights therein.

28.    That there exists a present, actual and immediate controversy concerning Community National Bank's right to receive possession of the said rents, leases, issues and profits of the Property as security for the indebtedness due under the Loan Documents.

29.    By virtue of the foregoing, Community National Bank is entitled to an order and judgment of this Court (i) vacating the said Stipulation dated January, 2009, on the grounds that said Stipulation violates its rights and interests pursuant to the Loan Documents; (ii) directing that the rents, leases, issues and profits of the Property, to the extent already in possession of the said parties, or their attorneys, agents and servants, be forthwith delivered to Community National Bank; (iii) directing that all rents, leases, issues and profits of the Property be delivered to Community National Bank; (iv) directing that from said rents, leases, issues and profits of the Property, that the indebtedness due under the Loan Documents be paid in full to Community National Bank pursuant to the terms thereof and that after payment of said sums, any remaining balance be turned over, by Community National Bank, to be deposited into an attorney trust account, pursuant to the terms of the Stipulation between the parties thereto; and (v) and granting to Community National Bank, such other and further relief as may appear proper to this Court.

30.    Community National Bank lacks an adequate remedy at law.

**WHEREFORE,** Plaintiff Community National Bank, respectfully prays for a order

9

and judgment of this Court as follows:

(1)    vacating the said Stipulation dated January, 2009, on the grounds that said Stipulation is in violation of its rights and interests pursuant to the Loan Documents;

(2) directing that the rents, leases, issues and profits of the Property, to the extent already in possession of the said parties, or their attorneys, agents and servants, be forthwith delivered to Community National Bank;

(3) directing that all rents, leases, issues and profits of the Property be delivered to Community National Bank;

(4) directing that from said rents, leases, issues and profits of the Property, that the indebtedness due under the Loan Documents be paid in full to Community National Bank pursuant to the terms thereof and that after payment of said sums, any remaining balance be turned over, by Community National Bank, to be deposited into an attorney trust account, pursuant to the terms of the Stipulation between the parties thereto;

(5)    together with its costs, expenses and reasonable attorney's fees in this action; and

(6)    granting to Community National Bank such other and further relief as may

appear proper to this Court.


Dated:        Garden City, New York
              February 12, 2009


                    BERKMAN, HENOCH, PETERSON & PEDDY, P.C.


              By:  _____
                    Joseph E. Macy
                    Attorneys for Plaintiff
                    100 Garden City Plaza
                    Garden City, NY 11530
                    (516) 222-6200

11

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re                                              Chapter 7

     GOLDAN, LLC,                              Case No. 09-70955-REG

                  debtor.
-------------------------------------------------------------X
PETER CAPONE, TRUSTEE, THE CAPONE
REVOCABLE TRUST DATED JULY 31, 1995,

              Plaintiff,            Adv. Pro. No.


     v.

ALLAN B. MENDELSOHN, AS CHAPTER 7
TRUSTEE OF GOLDAN, LLC,

              Defendant.
-------------------------------------------------------------X


## COMPLAINT

Peter Capone, as Trustee of The Capone Revocable Trust dated July 31, 1995 (the

"Plaintiff"), by his attorneys, Jones & Schwartz, P.C., and Vandenberg & Feliu, LLP, as and for his

complaint against Allan B. Mendelsohn, Chapter 7 Trustee (the "Trustee" or "Defendant") of

Goldan, LLC, the debtor ("Debtor") alleges as follows:

### NATURE OF THIS PROCEEDING

    1.      This is an adversary proceeding seeking an accounting, money damages and

declaratory, equitable and other relief under the laws of the State of New York and title 11 of the

United States Code (the "Bankruptcy Code") by reason of the Debtor's breach of contract, breach of

1

fiduciary duty, conversion, fraud and other misconduct. As alleged more fully below, the Debtor, acting through and in concert with Mark Goldman ("Goldman"), Debtor's ostensible sole member, diverted funds and other property from Plaintiff and otherwise impaired the Plaintiff's interest in 3366 Park Avenue, LLC, an entity in which the Plaintiff and the Debtor are each 50% members. As a direct and proximate result of the Debtor's wrongful acts, including the Debtor's willful and flagrant disregard of the Plaintiff's rights, the Plaintiff has been injured and is entitled to a judicial declaration that the Debtor's 50% interest in 3366 Park Avenue, LLC is not property of the Debtor's estate (the "Bankruptcy Estate") and to other appropriate relief protecting that interest and holding the Debtor liable for its wrongful acts.

## JURISDICTION AND VENUE

2.      On February 18, 2009, three petitioner creditors filed an involuntary petition for relief under Chapter 7 of title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court of the Eastern District of New York.

3.      On that same date, the Debtor, through Goldman, its ostensible sole member, consented to the entry of an order for relief.

4.      The United States Trustee thereafter appointed Allan B. Mendelsohn as the interim trustee pursuant to 11 U.S.C. § 701.

5.      This Court has jurisdiction over this adversary proceeding pursuant to §§ 157 and 1334 of title 28 of the United States Code and Sections 105, 541, 542 and 544 of title 11 of the Bankruptcy Code. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

6.      This adversary proceeding is brought pursuant to Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure (the "Rules").

7.    This action as it relates to the Second, Sixth and Seventh causes of action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (M), (N) and (O); as it relates to all other causes of action is a non-core proceeding and the Plaintiff does not consent to the entry of a final judgment in the Bankruptcy Court.

## THE PARTIES

8.    The Plaintiff is a revocable trust maintaining an address in the State of California.

9.    The Trustee was duly appointed and is the proper party to defend this action as the representative of the Bankruptcy Estate pursuant to 11 U.S.C. § 323.

## FACTS

10.    The Plaintiff and the Debtor are each 50% members of 3366 Park Avenue, LLC (the "LLC"), a limited liability company organized and existing under the laws of the State of New York and having a business address in that state. The LLC owns, operates and manages a commercial office building located at 3366 Park Avenue, Wantagh, New York (the "Property").

11.    In or around June 2007, the Plaintiff and the Debtor entered into an operating agreement (the "Operating Agreement") that, among other things, defines those parties' respective rights, interest, duties and obligations as co-members of the LLC.

12.    The Property is income producing.

13.    The Plaintiff has become aware that in or around September 2008, the Debtor, through its ostensible sole member, caused the Property to be encumbered by a mortgage (the "Mortgage") in favor of Community National Bank (the "Bank") in the total sum of approximately $2,750,000.00.

3

14.    The Plaintiff never authorized or consented to the Mortgage as required under the Operating Agreement, which provides that such acts of the LLC require the unanimous consent of its members.

15.    Instead, unbeknownst to the Plaintiff at the time, upon information and belief, at the closing of the Mortgage, the Debtor presented the Bank with an affidavit executed by Goldman falsely averring that the Debtor was the sole member of the LLC. The Debtor did so in furtherance of a scheme to divert funds of the LLC to its use and that of Goldman and others for purposes totally unrelated to the Property or the Operating Agreement.

16.    The proceeds of the Mortgage have not been maintained or utilized for the benefit of the Property. The proceeds were wrongfully diverted and converted to the Debtor and Goldman.

17.    Based upon the conduct of the Debtor and Goldman, there has been a breach of the fiduciary duty owed by them to the Plaintiff.

18.    Upon information and belief, the Debtor and Goldman have misappropriated and converted funds from the Property for other purposes totally unrelated to the Property or the Operating Agreement.

19.    Based upon this wrongful conduct the Plaintiff is entitled to a dissolution of the LLC and an accounting from the Trustee of the books, records and other pertinent business records of the Debtor.

20.    Based upon the conduct of the Debtor, the Plaintiff seeks a judicial declaration that the Debtor's interest in the LLC is not property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541.

4

21.     On or about December 22, 2008, prior to the commencement of this chapter 7 bankruptcy case, an action was commenced by Peter Capone and others against Goldman, Goldman & Goldman, Jeffrey Daniels and the Debtor (collectively, the "State Court Defendants") in the Supreme Court of the State of New York, Nassau County (the "State Court Action") seeking among other things, money damages in the sum of approximately $12,500,000.00 and equitable relief. To date, the State Court Action has resulted in the issuance of a temporary restraining order against the State Court Defendants.

22.     In January 2009, also prior to the commencement of this chapter 7 bankruptcy case, an order was entered in the State Court Action that provided that income from the Property was directed to be transferred into a specified account. A copy of that order is attached hereto as Exhibit "A".

## FIRST CAUSE OF ACTION
## CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTY

23.     The Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 hereof with the same force and effect as if set forth in full herein.

24.     At least as early as June 2007, the Debtor owed the highest fiduciary duties of loyalty to Plaintiff by virtue of the Operating Agreement.

25.     By reason of its misappropriation and diversion of funds from the LLC as alleged above, its causing the encumbrance of the Property by the Mortgage without the Plaintiff's knowledge or consent and other acts of self dealing, the Debtor has repeatedly, intentionally and maliciously breached and violated its fiduciary duties to the Plaintiff.

26.     As a direct and proximate result of the foregoing actions of the Debtor, the

Plaintiff has suffered money damages in an amount to be proved at trial, together with punitive damages and other appropriate relief.

27.    Based upon the foregoing, the Court should enter judgment that the Defendant is to surrender possession of the Bankruptcy Estate's interest in the LLC and to account for and deliver the profits, including but not limited to, rents, with interest forthwith.

## SECOND CAUSE OF ACTION
## CLAIM FOR RELIEF - TURNOVER OF PROPERTY
## AND ACCOUNTING THEREFOR PURSUANT TO § 542(a), (b) and (e)

28.    The Plaintiff repeats and realleges the allegations of paragraphs 1 through 27 hereof with the same force and effect as if set forth in full herein.

29.    The Plaintiff requests an accounting of the rents and profits of the Debtor, including but  not limited to, rents, from June 2007 through the present.

30.    The Plaintiff is entitled to receive the rents and profits due, unpaid and to become due to the Debtor, from the Property from June 2007.

31.    Based upon the foregoing, the Court should enter judgment that the Defendant is to surrender possession of the Bankruptcy Estate's interest in the LLC and to account for and deliver the profits, including but not limited to, rents, with interest forthwith.

## THIRD CAUSE OF ACTION
## CLAIM FOR RELIEF – BREACH OF CONTRACT

32.    The Plaintiff repeats and realleges the allegations of paragraphs 1 through 31 hereof with the same force and effect as if set forth in full herein.

33.    The Plaintiff is the owner of a one-half interest in the LLC and as such, is

6

entitled to receive a distribution of the proceeds from the rents and profits received by Debtor from the Property from June 2007 to date pursuant to the terms of the Operating Agreement.

34.    Upon information and belief, the Debtor has received the rents and profits from the Property no part of which has been paid to the Plaintiff.

35.    Based upon the foregoing, the Debtor has breached the Operating Agreement.

36.    As a proximate result of the Debtor's breaches, the Plaintiff has been damaged damaged in an amount to be proved at trial.

37.    Based upon the foregoing, this Court should grant judgment in favor of the Plaintiff and against the Defendant in an amount equivalent to the Debtor's share of the rents and profits for the Property from June 2007 to date, plus interest, costs and expenses.

## FOURTH CAUSE OF ACTION
### CLAIM FOR RELIEF – BREACH OF CONTRACT

38.    The Plaintiff repeats and realleges the allegations of paragraphs 1 through 37 hereof with the same force and effect as if set forth in full herein.

39.    The encumbrance of the Property by the Mortgage, and the LLC's decision to execute the loan secured by the Mortgage, were acts that required the unanimous consent of the LLC's members, including the Plaintiff.

40.    The Debtor caused the LLC to enter into the aforesaid loan transaction and to suffer the Property to be encumbered by the Mortgage, without seeking or obtaining the Plaintiff's consent thereto.

41.    Based upon the foregoing, the Debtor has breached the Operating Agreement.

42.    As a proximate result of the Debtor's breaches, the Plaintiff has been damaged

in an amount to be proved at trial, including, but not limited to, rents, with interest forthwith.

**FIFTH CAUSE OF ACTION**
**CLAIM FOR RELIEF - UNJUST ENRICHMENT**

43.     The Plaintiff repeats and realleges the allegations of paragraphs 1 through 42 hereof with the same force and effect as if set forth in full herein.

44.     The Plaintiff is the owner of a one-half interest in the LLC and as such, is entitled to receive at least one-half of the rents and profits from the Property from June 2007 to date.

45.     Upon information and belief, the Debtor has received the rents and profits from the Property.

46.     Based upon the foregoing, the Debtor has been unjustly enriched at the expense of the Plaintiff.

47.     Based upon the foregoing, this Court should grant judgment in favor of the Plaintiff and against the Defendant in an amount the equivalent the Debtor's share of the rents and profits for the Property from June 2007 to date, plus interest, attorneys' fees, costs and expenses.

**SIXTH CAUSE OF ACTION-CLAIM FOR RELIEF**
**JUDGMENT PURSUANT TO 11 U.S.C. § 541**

48.     The Plaintiff repeats and realleges the allegations of paragraphs 1 through 47 hereof with the same force and effect as if set forth in full herein.

49.     Upon information and belief, the Debtor has converted funds from the LLC for its own use and that of Goldman.  Based upon the conduct of the Debtor, the Plaintiff seeks a declaratory judgment that the Debtor's 50% interest in the LLC is not property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541.

8

## SEVENTH CAUSE OF ACTION – CLAIM FOR RELIEF
## IMPOSITION OF AN EQUITABLE LIEN

50.     The Plaintiff repeats and alleges the allegations of paragraphs 1 through 49 hereof with the same force and effect as if set forth in full herein.

51.     Based upon the Debtor's conduct, among other things, misappropriating rents and profits from the Property and suffering the Mortgage to be recorded against the Property, (all to the detriment of the Plaintiff), the Debtor and the Bankruptcy Estate have been unjustly enriched.

52.     The Plaintiff requests the imposition of an equitable lien upon the Debtor's 50% interest in the LLC to the extent of the enhanced value in such interest based upon the conduct of the Debtor and Goldman.

53.     The Plaintiff is entitled to a security interest in the Debtor's 50% interest in the LLC to the extent of the funds misappropriated by the Debtor and Mark Goldman.

## EIGHTH CAUSE OF ACTION- CLAIM FOR RELIEF
## FRAUDULENT CONCEALMENT

54.     The Plaintiff repeats and alleges the allegations of paragraphs 1 through 53 hereof with the same force and effect as if set forth in full herein.

55.     At least as early as June 2007, the Debtor owed the highest fiduciary duties of loyalty to Plaintiff by virtue of the Operating Agreement.

56.     The Debtor's fiduciary duties included the duty to disclose to the Plaintiff and obtain the Plaintiff's consent to such acts of the LLC as required the unanimous consent of its members pursuant to the Operating Agreement.

57.     The Debtor to failed to disclose the Mortgage and loan transaction with the Bank at any time prior to the closing of that transaction, nor did the Debtor ever seek the Plaintiff's

9

consent to said transaction.

58.    In entering into the loan and Mortgage transaction with the Bank, the Debtor, through Goldman, intended to defraud the Plaintiff by, among other things, diverting and converting to the Debtor's own use the proceeds of the loan and Mortgage transaction.

59.    The Plaintiff was unaware of the Debtor's wrongful and fraudulent acts at the time that they were perpetrated. The Plaintiff reasonably relied on the Debtor's obligation to fulfill its fiduciary obligations rather than its conduct of concealment of those acts.

60.    As a direct and proximate result of the Debtor's aforesaid wrongful and fraudulent acts, the Plaintiff has been damaged in an amount to be proved at trial.

61.    Based upon the foregoing, the Court should enter judgment in the Plaintiff's favor for money damages in an amount to be proved at trial, together with punitive damages and other appropriate relief.

WHEREFORE, the Plaintiff respectfully requests the entry of judgment against the Defendant as follows:

a.    On its First Cause of Action, granting judgment in favor of Plaintiff that Defendant surrender possession of the Bankruptcy Estate's interest in the LLC and to account for and deliver the profits, including but not limited to, rents, with interest forthwith.

b.    On its Second Cause of Action, granting judgment in favor of Plaintiff that Defendant surrender possession of the Bankruptcy Estate's interest in the LLC and to account for and deliver the profits, including but not limited to, rents, with interest forthwith.

c.    On its Third Cause of Action, granting judgment in favor of Plaintiff against Defendant in an amount equivalent to the Debtor's share of the rents and profits from the Property

from June 2007 to date, plus interest, costs and expenses.

        d.      On its Fourth Cause of Action, granting judgment for Plaintiff against Defendant in an amount to be proven at trial.

        e.      On its Fifth Cause of Action, granting judgment in favor of Plaintiff against Defendant in an amount equivalent to the Debtor's share of the rents and profits from the Property from June 2007 to date, plus interest, costs and expenses.

        f.      On its Sixth Cause of Action, granting Plaintiff a declaratory judgment that the Debtor's 50% interest in the LLC is not property of the Bankruptcy Estate.

        g.      On its Seventh Cause of Action, granting Plaintiff an equitable lien in the Debtor's 50% interest in the LLC to the extent of the funds misappropriated by the Debtor and Mark Goldman.

        h.      On the Eighth Cause of Action, granting judgment for Plaintiff against Defendant in an amount to be proven at trial, together with punitive damages.

        i.      Awarding the Plaintiff interest, costs, disbursements and attorneys' fees; and

        j.      Granting such other and further relief as this Court deems just and proper.

Dated: Carle Place, New York
      March 3, 2009

                      JONES & SCHWARTZ, P.C.
                      Attorneys for the Plaintiff

                      By: /s/Harold D. Jones
                            Harold D. Jones (HDJ-4652)
                            A Member of the Firm
                            One Old Country Road
                            Suite 384
                            Carle Place, New York 11514
                            (516) 873-8700

11

and

VANDENBERG & FELIU, LLP

By: /s/John C. Ohman
       John C. Ohman (JO-0655)
       Mark B. Brenner (MB-0360)
       110 East 42nd Street
       New York, NY  10017
       (212) 763-6800

F:\bellaria\5393 Perla, Daniel\014 Goldman Fraud\docs\Stipulation.1-09.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X

PETER CAPONE, PETER CAPONE DEFINED
BENEFIT PENSION PLAN, AND CHESAPEAKE          **STIPULATION**
HILLS GENERAL PARTNERSHIP,

                               Plaintiffs,

                                              Index No. 08-022742

            - against –

MARK GOLDMAN, GOLDMAN & GOLDMAN,
JEFFREY DANIELS, GOLDAN, LLC,

                               Defendants.
------------------------------------------------------------------X

     *WHEREAS*, the above-entitled action has been commenced by Plaintiffs PETER

CAPONE, PETER CAPONE DEFINED BENEFIT PENSION PLAN, AND

CHESAPEAKE HILLS GENERAL PARTNERSHIP; and

     *WHEREAS*, Defendants Mark Goldman and Jeffrey Daniels have appeared in the

above action by Counsel; and

     *WHEREAS*, Intervenor Daniel Perla has appeared by Counsel in this action; and

     *WHEREAS*, affidavits of service have been filed reflecting service of the summons,

complaint, order to show cause and supporting affirmations and exhibits in this action; and

     *WHEREAS*, the temporary restraining order in this case remains in effect pending the

hearing of the motion for an attachment, now returnable on February 4, 2009; and

     *WHEREAS*, a conference has been held in this action, resulting in suggested

proposed temporary relief; and

F:\clients\5399 Perla, Daniel\009 General\docs\Jordan\Final Revised Stipulation 1-15-09.doc

*WHEREAS*, Defendant Jeffrey Daniels, by his counsel, Marian C. Rice, Esq. of L'Abbate, Balkan, Colavita & Contini, LLP, Suite 300, 1001 Franklin Avenue, Garden City, NY 11530, appeared at the conference, and has stated that Defendant Daniels takes no position on this stipulation; and

*WHEREAS*, Defendant Mark Goldman, by his counsel, Michael H. Soroka, Esq., Law Offices of Michael H. Soroka, Suite 290 1325 Franklin Avenue, Garden City, NY 11530, appeared at the conference, and has stated that Defendant Goldman takes no position on this stipulation;

*NOW, THEREFORE*, it is hereby stipulated and agreed by Plaintiffs, appearing by their attorneys, James J. Mahon of Paykin Mahon Rooney & Krieg LLP, 185 Madison Avenue, 10th Floor, New York, NY 10016, and Intervenor, Perla, appearing by their attorneys, Eric H. Gruber, Esq., Cooperman Lester Miller LLP, 1129 Northern Boulevard, Manhasset, NY 11030, as follows:

1.    Plaintiff and Intervenor shall cause four (4) attorney trust accounts to be created. Each such account shall have two signatories: Eric H. Gruber ("Gruber") and James J. Mahon ("Mahon"). The first such account shall receive all money from any source including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to 3366 Park Avenue, Wantagh, New York. The second such account shall receive all money from any source including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to 3375 Park Avenue, Wantagh, New York. The third such account shall receive all money from any source including, but not limited to, rent payments, tax refunds, insurance proceeds and other payments relating to 11 Oval, Islandia, New York. The fourth such account shall receive all money from any

2

F:\clients\5393 Pavia, Daniel\009 General\docs\Golden\Final) Revised Stipulation 1-13-09.doc

source including, but not limited to, rent payments, tax refunds, insurance proceeds and other

payments relating to 1228 Wantagh Avenue, Wantagh, New York.

   2.  Any funds deposited in the aforementioned accounts may only be

disbursed as follows: first, to make mortgage payments to primary institutional lenders, then

to pay real estate taxes and the remaining balance, if any, in payment of the maintenance and

operating expenses incurred in the ordinary course of the business of the specified office

buildings.

   3.  It is understood that the stipulating parties intend to retain the following

property manager for each of the aforementioned buildings: Dafnonas Estates, Ltd.  In the

event that a property manager is appointed pursuant to this stipulation, it is understood that

the property manager be and it hereby is authorized to set up specific accounts for each

building into which all money from any source including, but not limited to, rent payments,

tax refunds, insurance proceeds and other payments relating to the identified office building

must be deposited.  Any funds deposited in the aforementioned accounts may only be

disbursed as follows: first, to make mortgage payments to primary institutional lenders, then

to pay real estate taxes and the remaining balance, if any, in payment of the maintenance and

operating expenses incurred in the ordinary course of the business of the specified office

buildings. In the event the property manager opens specific accounts for each office building,

the property manager shall provide weekly financial reports to Mahon and Gruber.

F:\elisou\5395 Perla, Daniel\009 General\docs\Golden\Final Revised Stipulation 1-15-09.doc

4.    Should either the attorney trust accounts or the property managers'
accounts referred to herein receive additional surplus funds, the excess funds are to be
retained in the aforesaid accounts, pending further order of the Court.

Dated:  January     , 2009


_____              _____
Philip P. Gruber, Esq.                James J. Mahon, Esq.
Cooperman Lester Miller LLP           Paykin Mahon Rooney & Krieg LLP
1129 Northern Boulevard, Suite 402    185 Madison Avenue, 10th Floor
Manhasset, NY  11030                  New York, NY  10016


So Ordered:

_____
        J.S.C.

**Exhibit D**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------------------- X
In re:

GOLDAN, LLC,

               Debtor.
-------------------------------------------------------------- X
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------- X
COMMUNITY NATIONAL BANK,

            Plaintiff and Counterclaim Defendant,

     - against-

PETER CAPONE, PETER CAPONE DEFINED
BENEFIT PENSION PLAN, CHESAPEAKE
HILLS GENERAL PARTNERSHIP, 3366 PARK
AVENUE, LLC, ALLAN B. MENDELSOHN, AS
CHAPTER 7 TRUSTEE OF GOLDAN, LLC, and
DANIEL PERLA,

            Defendants,

     -against-

PETER CAPONE, AS TRUSTEE OF THE CAPONE
REVOCABLE TRUST, DATED JULY 31, 1995,

            Counterclaim Plaintiff.
-------------------------------------------------------------- X

Chapter 7
Case No.: 09-70955-REG

Index No.: 002253/09

v. Pro. No. 09-08157-REG

**ANSWER WITH
COUNTERCLAIMS AND
<u>JURY DEMAND</u>**

     Defendants PETER CAPONE, PETER CAPONE DEFINED BENEFIT

PENSION PLAN, CHESAPEAKE HILLS GENERAL PARTNERSHIP, 3366 PARK

AVENUE, LLC (collectively the "Capone Related Parties") and Counterclaim Plaintiff PETER

CAPONE, AS TRUSTEE OF THE CAPONE REVOCABLE TRUST, DATED JULY 31, 1995

(the "Capone Trust"), by their counsel, Jones & Schwartz, P.C. and Vandenberg & Feliu, LLP,

as and for their answer and counterclaims to the Complaint of plaintiff Community National Bank, allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Admit that 3366 Park Avenue, LLC was and is a limited liability company organized and existing under the laws of the State of New York, and deny the remaining allegations contained in paragraph 2 of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      Deny the allegations contained in paragraph 4 of the Complaint and state that Goldan, LLC was and is only a 50% member of 3366 Park Avenue, LLC and that Peter Capone, Trustee, The Capone Revocable Trust, dated, July 31, 1995 was and is the other 50% member of 3366 Park Avenue, LLC.

5.      Admit the allegations contained in paragraph 5 of the Complaint.

6.      Admit that the Peter Capone Defined Benefit Pension Plan is a qualified pension plan established in New York, and deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      Admit the allegations contained in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.      Deny the allegations contained in paragraph 9 of the Complaint, and refer to the underlying documents identified therein for their contents.

2

10.    Deny the allegations contained in paragraph 10 of the Complaint, and refer to the Loan Documents identified therein for their contents.

11.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, and refer to the Mortgage identified therein for its contents.

13.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, and refer to the Collateral Assignment identified therein for its contents.

14.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, and refer to the Mortgage identified therein for its contents.

15.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and refer to the commitment letter identified therein for its contents.

16.    Admit that an action was commenced in Supreme Court, Nassau County (the "Nassau County Action") by all or some of the Capone Related Parties alleging that Mark Goldman, and/or Goldman & Goldman, and/or Jeffrey Daniels, and/or Goldan LLC, defrauded them and wrongfully converted various monies and assets of the Capone Related Parties for their benefit, and further assert that the Nassau County Action has been removed to this Bankruptcy Court under Adv. Pro. No. 09-8147-REG, and refer to the Verified Complaint in the Nassau County Action for its full contents and claims.

3

17.    Admit the allegations contained in paragraph 17 of the Complaint, and refer to the Order to Show Cause in the court file for its contents.

18.    Admit the allegations contained in paragraph 18 of the Complaint, and refer to the motion filed by Daniel Perla in the court file for its contents.

19.    Admit the allegations contained in paragraph 19 of the Complaint to the extent they accurately reflect the contents of the motion to intervene filed by Daniel Perla in the Nassau County Action, and refer to the aforesaid motion for its contents.

20.    Admit the allegations contained in paragraph 20 of the Complaint to the extent they accurately reflect the contents of the stipulation referenced therein, and refer to the aforesaid stipulation for its contents.

21.    Deny the allegations contained in paragraph 21 of the Complaint, and refer to the "so ordered" stipulation for its contents.

22.    Repeat and reallege each and every response to the allegations of paragraphs 1 through 21 as though fully set forth herein.

23.    Decline to plead in response to the allegations contained in Paragraph 23 of the Complaint which are in the nature of a legal conclusion, and refer to the documents relied upon for the meaning and legal effect thereof.

24.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and refer to the Loan Documents identified therein for their contents.

25.    Admit that in or about January 2009 a Stipulation was entered into in the Nassau County Action, and refer to the Stipulation identified therein for its contents.

4

26.     Deny the allegations contained in paragraph 26 of the Complaint, and refer to the Stipulation identified therein for its contents.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Decline to plead in response to the allegations contained in paragraph 28 of the Complaint therein which are in the nature of a legal conclusion.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Decline to plead in response to the allegations contained in paragraph 30 of the Complaint therein which are in the nature of a legal conclusion.

FIRST DEFENSE

31.     The Complaint fails to state a cause of action upon which relief may be granted.

SECOND DEFENSE

32.     The Complaint is barred in whole or in part by the doctrine of unclean hands.

THIRD DEFENSE

33.     The Complaint is barred, in whole or in part, by the doctrines of waiver and equitable estoppel.

FOURTH DEFENSE

34.     The Complaint is barred, in whole or in part, by the doctrine of ratification.

FIFTH DEFENSE

35.     The Complaint is barred by the doctrine of *in pari delicto*.

5

## SIXTH DEFENSE

36.     The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## SEVENTH DEFENSE

37.     Plaintiff failed to follow its regular and customary procedures in providing the Mortgage that was fraudulently requested by Goldan, LLC, which was deceitfully representing itself to be the sole member of the mortgagor, and plaintiff thereby undermined and impaired the ownership interest held by defendant Peter Capone through his trust entity in 3366 Park Avenue LLC and in the subject property at 3366 Park Avenue, Wantagh, New York (the "Property").

## EIGHTH DEFENSE

38.     The rights in the Property held by Defendant Peter Capone's trust are the subject of other Adversary Proceedings in the Bankruptcy Court, and the Capone Related Parties hereby incorporate the allegations, defenses and claims alleged in the Pleadings in those Adversary Proceedings.

## AS AND FOR A FIRST COUNTERCLAIM

39.     Defendant Peter Capone, by and through counterclaim plaintiff, in his position as Trustee of the Capone Revocable Trust, dated July 31, 1995 (the "Capone Trust") is a 50% owner in 3366 Park Avenue LLC.

40.     3366 Park Avenue LLC owns the property located at 3366 Park Avenue, Wantagh, New York.

41.     Plaintiff Community National Bank knew or should have known that Defendant Peter Capone by and through counterclaim plaintiff the Capone Trust had an

6

ownership interest in 3366 Park Avenue LLC and the property located at 3366 Park Avenue, Wantagh, New York.

42. Community National Bank's granting of the Mortgage was in derogation of the ownership rights of the Capone Trust.

43. Plaintiff failed to follow its regular and customary procedures in providing the Mortgage fraudulently requested by Goldan, LLC, which was deceitfully representing itself to be the sole member of the mortgagor, and plaintiff thereby undermined and impaired the ownership interest held by defendant Peter Capone and the Capone Trust in 3366 Park Avenue LLC and in the Property.

43. As a result of the aforementioned allegations, Peter Capone and the Capone Trust are entitled to a declaration that the Mortgage is improper, invalid, null and void, and should be cancelled as a matter of record.

RESERVATION OF RIGHTS AND DEFENSES

44. The Capone Related Parties reserve the right to raise additional defenses and counterclaims up to the time of trial.

JURY DEMAND

45. Pursuant to Fed. R. Civ. P. 38, Defendants PETER CAPONE, PETER CAPONE DEFINED BENEFIT PENSION PLAN, CHESAPEAKE HILLS GENERAL PARTNERSHIP, 3366 PARK AVENUE, LLC and Counterclaim Plaintiff PETER CAPONE, AS TRUSTEE OF THE CAPONE REVOCABLE TRUST, DATED JULY 31, 1995 demand a trial by jury for all issues.

7

WHEREFORE, defendants and counterclaim plaintiff demand Judgment (i)

dismissing the Complaint with prejudice, (ii) declaring that plaintiff's Mortgage is null and void,

and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        January 21, 2010

        JONES & SCHWARTZ, P.C.

        By:   /s/ Harold D. Jones
              Harold D. Jones (HJ-4652)
              A Member of the Firm
              One Old Country Road, Suite 384
              Carle Place, New York 11514
              (516) 873-8700

        VANDENBERG & FELIU, LLP

        By:   /s/ Mark R. Kook
              Mark R. Kook (MK -6832)
              110 East 42nd Street, Suite 1502
              New York, New York 10017
              (212) 763-6800

        Attorneys for Defendants PETER CAPONE,
        PETER CAPONE DEFINED BENEFIT PENSION
        PLAN, CHESAPEAKE HILLS GENERAL
        PARTNERSHIP and 3366 PARK AVENUE, LLC

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

ANGELA WORRELL-LAURENT, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age, and resides in Valley Stream, New York.

On January 29, 2010 I served a copy of the within document(s), to wit: **NOTICE OF MOTION WITH DECLARATION AND SUPPORTING DOCUMENTS**, upon the persons or attorneys indicated below, and at the address(es) indicated below, in the following manner:

VANDENBERG & FELIU LLP
Mark R. Kook, Esq.
Attorneys for Defendants Peter Capone, Peter Capone
Defined Pension Benefits Plan, Chesapeake Hills
General Partnership and 3366 Park Avenue, LLC
110 East 42nd Street, Suite 1502
New York , NY 10017

COOPERMAN LESTER MILLER, LLP
Eric H. Gruber, Esq.
Attorneys for Defedant Daniel Perla
1129 Northern Blvd S. 402
Manhasset, NY 11030

LAMONICA HERBST & MANISCALCO, LLP
David A. Blansky, Esq.
Attorneys for Allan B. Mendeksohn, as Trustee
of Goldan, LLC
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793

✗   **by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the United States Postal Service, within the State of New York**

by Certified Mail, return receipt requested (an annexed), similarly posted

by delivering the same personally, by hand to the person(s) and at the address(es) indicated

by Facsimile Service

via Federal Express, next day delivery

_____
ANGELA WORRELL-LAURENT

Sworn to before me this
29th day of January, 2010

_____
Notary Public

TERESE ANNE KEARN
Notary Public, State of New York
No. 01KE4682638
Qualified in Nassau County
Commission Expires July 31, 2010